J-A07043-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JOSEPH ORUSKA AND CYNTHIA ORUSKA, HUSBAND AND WIFE, AND ANTHONY ORUSKA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| PAUL A. KELLY AND JOHN L. VANDERMARK, EXECUTOR OF THE ESTATE OF GUY E. VANDERMARK, SR. | |
| APPEAL OF: PAUL A. KELLY | |
| | No. 1120 MDA 2013 |

Appeal from the Judgment Entered June 6, 2013
In the Court of Common Pleas of Susquehanna County
Civil Division at No: 2006-01754

BEFORE: GANTMAN, P.J. , DONOHUE, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                **FILED DECEMBER 09, 2014**

Appellant Paul A. Kelly, Esq. appeals from the June 6, 2013 judgment entered by Court of Common Pleas of Susquehanna County (trial court) in favor of Appellees Joseph, Cynthia and Anthony Oruska.[1]  Upon review, we affirm.

---

[1] Appellant erroneously appealed from the trial court's June 11, 2013 order denying his post-trial motions.  It is settled that an appeal will only be permitted from a final order unless otherwise permitted by statute or rule of court. **Maya v. Johnson & Johnson**, 297 A.3d 1203, 1208 n.2 (Pa. Super. 2014) (citation and quotation marks omitted).  In fact, an appeal from an order denying post-trial motions is interlocutory. **Id.** (citation omitted);
*(Footnote Continued Next Page)*

This panel previously summarized the procedural history:

> Briefly, Appellees filed a complaint against Appellant alleging wrongful use of civil proceedings and abuse of process. Following a jury trial, the jury returned a verdict in favor of Appellees. The jury also awarded punitive damages against Appellant. Appellant filed post-trial motions for judgment notwithstanding the verdict (JNOV) with respect to each count of the complaint and with regard to punitive damages. The trial court denied the motions. This appeal followed.

*Oruska v. Kelly*, No. 1120 MDA 2013, unpublished memorandum at 2 (Pa. Super. filed July 11, 2014). Following Appellant's filing of a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, the trial court issued a Pa.R.A.P. 1925(a) opinion, concluding that it properly denied Appellant's post-trial JNOV motion.

On appeal,[2] although Appellant raises 17 arguments for our review, the thrust of his argument is that the evidence is "grossly insufficient" to

_(Footnote Continued)_ ──────────

Pa.R.A.P. 301(a), (c), and (d). Here, however, the final judgment was entered on June 6, 2013, and we have corrected the caption accordingly.

[2] Our standard of review of a trial court's denial of a motion for JNOV is as follows:

> A JNOV can be entered upon two bases: (1) where the movant is entitled to judgment as a matter of law; and/or, (2) the evidence was such that no two reasonable minds could disagree that the verdict should have been rendered for the movant. When reviewing a trial court's denial of a motion for JNOV, we must consider all of the evidence admitted to decide if there was sufficient competent evidence to sustain the verdict. In so doing, we must also view this evidence in the light most favorable to the verdict winner, giving the victorious party the benefit of every reasonable inference arising from the evidence and rejecting all unfavorable testimony and inference. Concerning any questions of law, our scope of review is plenary. Concerning questions of credibility and weight accorded the evidence at trial, we will not substitute our judgment for that of the finder of fact. If any basis exists upon which the jury could have properly made its award, then we must affirm the trial

_(Footnote Continued Next Page)_

- 2 -

support Appellees' causes of action and award of punitive damages.[3] Appellant's Brief at 10. On July 11, 2014, we issued a memorandum decision, remanding the matter to the trial court because we were unable to engage in a meaningful appellate review of the issues raised. *Id.* at 3. Specifically, we reasoned that the trial court failed to set forth the relevant facts "pertaining to the wrongful use of civil proceedings and abuse of process causes of action, and the punitive damage award[.]" *Id.* at 6. Consistent with our July 11, 2014 memorandum decision, the trial court issued an amended Rule 1925(a) opinion on September 16, 2014.

After careful review of the parties' briefs, the record on appeal, and the relevant case law, we conclude that the amended 1925(a) opinion authored by the Honorable David J. Williamson adequately disposes of Appellant's issues on appeal. *See* Trial Court Opinion, 9/16/14, at 2-17. We, therefore, affirm the trial court's order denying Appellant's post-trial motion for JNOV. We direct that a copy of the trial court's September 16, 2014 Rule 1925(a) opinion be attached to any future filings in this case.

Judgment affirmed.

_(Footnote Continued)_ —————

court's denial of the motion for JNOV. A JNOV should be entered only in a clear case.

*Am. Future Sys.*, *Inc. v. Better Bus. Bureau of E. Pa.*, 872 A.2d 1202, 1214-15 (Pa. Super. 2005) (citation omitted), *aff'd*, 923 A.2d 389 (Pa. 2007).

[3] Appellant essentially argues that Appellees are unable to point to any evidence of record to sustain the jury verdict.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>12/9/2014</u>